CENTRAL RAILROAD COMPANY OF NEW JERSEY, PROSE-
CUTOR, v. THE STATE BOARD OF TAX APPEALS ET
AL., DEFENDANTS.

Argued May 5, 1932—Decided October 19, 1932.

Before GUMMERE, CHIEF JUSTICE, and Justices BODINE
and DONGES.

For the prosecutor, *Robert J. Bain, Edward A. Markley*
and *A. H. Elder.*

For the defendants, *William A. Stevens,* attorney-general, *Theodore Backes* and *John Solan.*

The opinion of the court was delivered by

DONGES, J. This writ brings up for review a judgment of the state board of tax appeals dismissing prosecutor's complaint against certain valuations and assessments and seeking correction of same, because the average rate of taxation for the year 1931 of prosecutor's property in the State of New Jersey used for railroad purposes is thereby higher than it should be.

In its brief, prosecutor stated its complaint as follows:

"Prosecutor duly complained to the state board of taxes and assessment against the assessment and tax for the year 1931 and on its main stem property, tangible personal property and franchise, upon the ground, among others, that the tax thereon was at an excessive rate and pointed out that the error in the rate was due to its computation, not according to the true value of real and personal property in the taxing districts as required by the supplement of 1906, but according to the assessed value of such property which was much less than its true value. The state board of taxes and assessment was succeeded by the state board of tax appeals, under an .act approved April 14th, 1931, and the latter board, after hearing this complaint, dismissed it upon the grounds that the evidence before the board was insufficient to show that the assessed value of real and personal property certified to the state board of taxes and assessment for the purpose of computing the average rate of taxation was not the true value of such property, that the state board of tax appeals was without jurisdiction to grant the relief sought by prosecutor, and that the prosecutor had an opportunity to compel a reassessment of real and personal property in the taxing districts, if undervalued for taxation, and, therefore, could not complain if the assessed value, instead of the true value, was used in computing the average rate of taxation."

It appears that the complaint of the prosecutor is based upon the claim that its tax is excessive because the average

rates based upon a valuation of local property far below its true value.

The state board of tax appeals concluded that it was without power to grant the relief sought by prosecutor.

By chapter 67 of the laws of 1905 (*Pamph. L.* 1905, *p.* 123), there was created the board of equalization of taxes of New Jersey. By chapter 244 of the laws of 1915 (*Pamph. L.* 1915, *p.* 438), there was established, by consolidation of the state board of assessors and the board of equalization of taxes of New Jersey, the state board of taxes and assessment, with all of the duties and powers of both of the other boards, both administrative and appellate.

By chapter 100 of the laws of 1931 (*Pamph. L.* 1931, *p.* 166), there was established the "state board of tax appeals," and it was provided that "said board shall do and perform all acts now required by any law to be done and performed by the state board of taxes and assessment relative to the hearing and determination of tax appeals." All tax appeals pending and all tax appeals thereafter arising are to be determined by the board of tax appeals.

By chapter 336 of the laws of 1931 (*Pamph. L.* 1931, *p.* 823), there was established a "state tax department," and it was provided:

"Said department shall succeed to and exercise exclusively all the powers and perform all the duties now exercised or performed by or conferred and charged upon the state board of taxes and assessment by virtue of any existing law or laws, excepting those relating to the review, hearing and determination of all appeals concerning the assessment, collection, apportionment or equalization of taxes."

It was provided that all proceedings pending before the state board of taxes and assessment, excepting tax appeals, shall continue and be determined by the state tax commissioner, who was designated as chief officer of the tax department.

By chapter 101 of the laws of 1931 (*Pamph. L.* 1931, *p.* 170), the state board of taxes and assessment was abolished.

By the acts of 1931 above mentioned, the administrative

duties with respect to the assessment, collection, apportionment or equalization of taxes and the administration of the tax laws were imposed upon the tax department. All appeals from such acts were to be heard by the state board of tax appeals.

In its reasons filed in this cause, the prosecutor alleges various grounds of error in the determination of the board of tax appeals.

We deem it necessary to consider only the question of the jurisdiction of the board of tax appeals to grant the relief sought.

Under section 6 of the act of 1905, *supra,* as amended by the act of 1921 (*Pamph. L.* 1921, *p.* 952), the legislature empowered the board of equalization of taxes to deal with the matter of unfair assessments. That section provides as follows:

6. When the said board has reason to believe from information, or otherwise, that any property, including the property of railroads and canal companies, has been assessed at a rate lower than is consistent with the purpose of securing uniform and true valuation of property for the purpose of taxation; or whenever the said board has reason to believe, from information or otherwise, that the assessment of property in any taxing district is not in substantial compliance with the law and that the interests of the public will be promoted by a reassessment of such property, the said board shall have power, after due investigation, in its discretion, to order or make a reassessment of any property undervalued or a reassessment of all the property in such taxing district; and for this purpose, if necessary, may direct an assessor, or board of assessors, or other taxing officer to make a reassessment of any or all of such property, according to the rules which the said board shall prescribe, and if such assessor, board of assessors, or other taxing officer, shall fail or refuse to comply forthwith with the order so given, the board shall have power to appoint or designate some other person to make the new assessment under the direction of the board; and the assess-

ment so made and affirmed by the board when certified by it to the taxing district shall be and be deemed to be the assessment of such property for the year.  *  *  *."

It would appear that the statute above mentioned provides a method by which property in the several taxing districts may be assessed at true value.

In the distribution of the powers and duties as between the board of tax appeals and the tax department, the administrative duty to act upon a complaint or information that property is undervalued for tax purposes and to correct same is imposed upon the tax department. It is to that department that the complaint in this case should have been addressed There was not involved in the matter an appeal from some administrative act of a person or board alleged to have been illegal and unjust. What was sought was to have the average rate changed by the board of tax appeals, upon some basis other than the one adopted. This could be done only by changing the amount of assessments throughout the state.

We are of opinion that under the statute the respondent state board of tax appeals was without jurisdiction to grant the relief sought by the prosecutor.

The prosecutor asserts that, under section 13 of the act for the taxation of railroad and canal property (*Comp. Stat.*, *p.* 5270), this court must pass upon the questions of law and fact, and correct the assessment.

This section provides, *inter alia,* that no writ of *certiorari* shall be granted unless the applicant has applied to the state board of assessors, now the tax department, to review the assessment.

We conclude that the prosecutor has not pursued the remedy and the methods provided by statute to obtain the relief sought, and that, until such steps are taken, this court should not review the questions submitted.

The writ is dismissed, with costs.